785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MIKE FINK, INC., Petitioner,
v.
BENEFITS REVIEW BOARD, (U.S. DEPARTMENT OF LABOR,) Respondent,
ANTOINETTE CEFARATTI, Respondent-Claimant.
 85-3291
 United States Court of Appeals, Sixth Circuit.
 1/30/86
 
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal involves the definition of 'employee' for purposes of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. (1982), as it stood before amended in 1984, 33 U.S.C.A. Sec. 901 et seq. (West 1985 Supp.). Claimant Antoinette Cefaratti was employed as a restaurant worker aboard the Mike Fink, a decommissioned steamboat permanently moored near the shore of the Ohio River at Covington, Kentucky, and operated as a restaurant by Mike Fink, Inc. Cefaratti was injured in 1979 when she fell into the river from a damaged gangway that extended from the vessel to a parking lot on shore. Both the Administrative Law Judge and the Benefits Review Board ruled that Cefaratti fit within the Act's definition of 'employee' and granted benefits. We affirm.
 
 
 2
 The Act in force at the time of the injury defined 'employee' to mean 'any person engaged in maritime employment . . ..' 33 U.S.C. Sec. 902(3) (1982). The Supreme Court has held that this status test is satisfied 'when a worker is injured on the actual navigable waters in the course of his employment on those waters.' Director, Office of Workers' Compensation Programs v. Perini North River Associates, 459 U.S. 297, 324 (1983). In so holding, the Court reversed the denial of compensation to a worker involved in the construction of a sewage plant adjacent to the Hudson River and who happened to be working aboard a barge on the river when he was injured. Id. at 300. Despite the fact that the claimant's work bore no relation to navigation or commerce on navigable waters, id. at 315, the Court held that he was covered because he was 'required to perform [his] employment duties upon navigable waters'. Id. at 324.
 
 
 3
 Shortly after Perini was decided the Court remanded a similar case involving a painter injured aboard a permanently moored museum ship. McCarthy v. The Bark Peking, 676 F.2d 42 (2d Cir. 1982), vacated and remanded, 459 U.S. 1166 (1983). On remand the Second Circuit held the claimant to be a statutory employee because he was 'injured on the actual navigable waters in the course of his employment on those waters.' McCarthy v. The Bark Peking, 716 F.2d 130, 132 (1983). The court held that, after Perini, 'no more is required.' Id. at 132-33.
 
 
 4
 We consider ourselves similarly bound by Perini. It is undisputed that Cefaratti was injured on navigable waters and in the course of her employment thereon. Therefore, she was a covered employee. The 1984 amendments to the Act, which exclude, among others, restaurant and museum employees from coverage, 33 U.S.C.A. Sec. 902(3)(B) (West 1985 Supp.), do not apply to a 1979 injury and do not alter our conclusion.
 
 
 5
 We have considered the appellant's other arguments and find them without merit.
 
 
 6
 The order below is AFFIRMED.